**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**JUSTICE ADDEAH DONKOR,**

    **Petitioner,**

**v.**                                                    **Civil Action No. 5:09cv14**
                                                            **(Judge Stamp)**

**UNITED STATES IMMIGRATION,**

    **Respondent.**

**REPORT AND RECOMMENDATION**
**THAT PETITIONER'S APPLICATION TO PROCEED**
**WITHOUT PREPAYMENT OF FEES BE DENIED**

All litigants are required to pay the costs and fees associated with civil lawsuits unless their financial condition warrants a grant of *in forma pauperis* status pursuant to 28 U.S.C. § 1915. Therefore, if a petitioner submits a certified copy of his trust fund statement for the six-month period immediately preceding the filing of the action, then the Court may consider his request. This case is before the undersigned on the petitioner's February 6, 2009, Application to Proceed Without Prepayment of Fees and a Prisoner Trust Account Report with attached ledger statement.

The petitioner's application shows that he and his spouse were gainfully employed prior to his incarceration and that his spouse remains so employed. In addition, the petitioner states that he and his spouse have checking/savings in the amount of $1000 and own two vehicles that are worth approximately $30,000 combined. Also, the ledger sheet to the petitioner's inmate account shows that at the time he was incarcerated, the petitioner had $90.26. Although the petitioner has not received any further funds since his incarceration,[1] at the time this case was filed, the petitioner had

---

[1] It appears that the petitioner has only been incarcerated since January 9, 2009.

an account balance of $13.13. The filing fee for a habeas corpus action is $5.00.

Accordingly, upon a review of the petitioner's financial documents, the undersigned recommends that the petitioner's request to proceed without prepayment of fees (dckt. 6) be **DENIED** and the petitioner be directed to pay the full filing fee. The petitioner should also be warned that the failure to pay the full filing fee within the time allowed by the Court could result in the dismissal of his case.

Within ten (10) days after being served with a copy of this Report and Recommendation, the petitioner may file with the Clerk of the Court, written objections identifying those portions of the recommendation to which objections are made, and the basis for such objections. A copy of such objections shall also be submitted to the Honorable Frederick P. Stamp, Jr., United States District Judge. Failure to timely file objections to the recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the pro se petitioner via certified mail, return receipt requested, to his last known address as shown on the docket.

DATED: February 10, 2009.

_____
DAVID J. JOEL
UNITED STATES MAGISTRATE JUDGE